JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | EDCV16-2313-JGB(KKx) | Date | November 21, 2016 |
| Title | *Preeminent Investment Corporation v. Rennae Speiginer et al.* | | |

Present: The Honorable     JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**     Order: (1) REMANDNG the Case to California Superior Court for the County of Riverside (Dkt. No. 5); and (2) GRANTING Plaintiff's Request for Judicial Notice. (Dkt. No. 7.)

Before the Court is: (1) Plaintiff's Motion to remand the action to state court under 28 U.S.C. § 1447(c), (Dkt. No. 5), and (2) Plaintiff's Request for Judicial Notice. (Dkt. No. 7, "RJN") The Court finds this matter appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After consideration of the papers filed in support of, and in opposition to, the Motion, the Court GRANTS the Motion.

## I. INTRODUCTION

On September 26, 2016, Plaintiff Preeminent Investment Corporation ("Plaintiff" or "Preeminent") initiated an unlawful detainer ("UD") action against Susan and Rennae Speiginer ("Defendants") in Riverside Superior Court. (Dkt. No. 1.) The action involves real property located at 18346 Lakepointe Drive, Riverside, California, 92503. (the "Property") (Dkt. No. 1, 7.) Plaintiff acquired title to the Property on September 12, 2016 and served Defendants with a Three Day Notice to Quit (the "Notice.") (Dkt. No. 5, 3.) After the period stated in the Notice expired, Plaintiff initiated suit. (Id.) Defendants were served with the summons and complaint on October 6, 2016. (RJN, Ex. 2.) Defendants filed an Answer to the complaint on October 24, 2016. (Dkt. No. 5, 4.) Defendants filed a Notice of Removal on November 7, 2016 based on diversity jurisdiction under 28 U.S.C. Section 1441 (b). (Dkt. No. 1, 1.) On November 15, 2016, Plaintiff filed a Motion to Remand the case to Riverside County Superior Court

pursuant to 28 U.S.C. § 1447(c), (Dkt. No. 5), and a Request for Judicial Notice. (Dkt. No. 7.)[1] Plaintiff argues that the Notice of Removal was untimely, (Id. at 5),[2] and Remand is proper for lack of subject matter jurisdiction. (Id. at 6.) Specifically, Plaintiff argues that there is no diversity of citizenship, and "federal law is not a necessary element of Plaintiff's unlawful detainer cause of action, which is based solely on state law, i.e., California Code of Civil Procedure Section 1661a." (Dkt. No. 5, 6.)

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." Gunn v. Minton, 133 S. Ct. 1059, 1064 (2013). As such, federal courts only have original jurisdiction over civil actions in which a federal question exists or in which complete diversity of citizenship between the parties exists and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332.[3] "Complete diversity" means that "each

---

[1] Plaintiff requests judicial notice of the Proof of Service for the Unlawful Detainer Summons and Complaint, (Dkt. No. 7, Ex. 1), and Defendants' Declaration Filed in the UD action, (Id. at Ex. 2.) The Court finds that both to be proper subjects for judicial notice. These documents are in the public record and their existence is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Indeed, courts routinely take judicial notice of these types of documents. See, e.g., Liebelt v. Quality Loan Serv. Corp., No. 09-CV-05867-LHK, 2011 WL 741056, at *6 n.2 (N.D. Cal. Feb. 24, 2011) (taking judicial notice of Trustee's Deed Upon Sale); Reynolds v. Applegate, No. C 10-04427 CRB, 2011 WL 560757, at *1 n.2 (N.D. Cal. Feb. 14, 2011) (taking judicial notice of various documents related to foreclosure, including Notice of Default); Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice of briefs, transcripts, and various other court filings from related case). Accordingly, the Court GRANTS Preeminent's Request for Judicial Notice.

[2] Court finds it unnecessary to address the issue of timeliness as removal was improper in the first instance. (Dkt. No. 5, 5.)

[3] **(a)** The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--
>    **(1)** citizens of different States;
>    **(2)** citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;
>    **(3)** citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
>    **(4)** a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

28 U.S.C. § 1332.

defendant must be a citizen of a different state from each plaintiff." In re Digimarc Corp. Derivative Litigation, 549 F.3d 1223, 1234 (9th Cir. 2008).

Moreover, the Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992); see also Jackson v. Specialized Loan Servicing, LLC, No. CV 14-05981 MMM PLAX, 2014 WL 5514142, at *6 (C.D. Cal. Oct. 31, 2014) (quoting Gaus). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Jackson, 2014 WL 5514142, at *6. Doubts as to removability must be resolved in favor of remanding the case to state court. Id. (internal citations omitted).

### III. DISCUSSION

Removal to this Court of this unlawful detainer action under state law was improper under 28 U.S.C. Section 1441(b) because Defendants and Plaintiff are California citizens. (Dkt. No. 1-1, 1.) To remove a state action to a federal court, the defendant must file a notice of removal with both the state court where the case was filed and the federal court to which it will be transferred. 28 U.S.C. § 1441. The notice of removal must be filed within 30 days of the first removable document, and the case must be removed to the federal district court that encompasses the state court where the action was initiated. Id. Relevant here, removal is only proper if at the time of the initial filing, the case could have been filed in federal court. Id.

As mentioned above, removal based on diversity jurisdiction requires the removing party to establish complete diversity of citizenship—i.e., none of the plaintiffs can be from the same state as any of the defendants, Lincoln Property Co. v. Roche, 546 U.S. 81 (2005)—as well as an amount in controversy, or claim for relief, that exceeds the sum or value of $75,000. 28 U.S.C. § 1332(a). Preeminent, a corporation, is treated as a citizen of the state in which it is incorporated and the state in which its principal place of business is located. Danjaq, S.A. v. Pathe Commc'ns Corp., 979 F.2d 772 (9th Cir. 1992). Defendants, as individuals, are citizens of the state in which they are domiciled. Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001) ("A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return."). A defendant cannot remove a case based on diversity of citizenship if he or she is a citizen of the state in which the case was filed. 28 U.S.C. § 1441(b). "Removal based on diversity is intended to protect out-of-state defendants from possible prejudices in state court." Lively v. Wild Oats Mkts., Inc., 456 F.3d 933, 940 (9th Cir. 2006). "The need for such protection is absent . . . in cases where the defendant is a citizen of the state in which the case is brought." Id.

The party seeking removal has the burden of establishing federal jurisdiction. Emrich v Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988). Again, "section 1441 is strictly construed against removal." O'Halloran v. Univ. of Washington, 856 F.2d 1375, 1380 (9th Cir.

1988) Courts may consider any evidence contained in the record to determine the proper citizenship of the parties. Sun Printing & Publ'g Ass'n v. Edwards, 194 U.S. 377, 382 (1904).[4]

In the Declaration filed in connection with Defendants' Motion to Quash Service of Summons, Defendant Rennae Speiginer attests to residing in the County of Riverside. (Dkt. No. 7-2, Ex. 2, 1.) The Civil Cover Sheet filed with Defendants' Notice of Removal indicates that both principal parties— the Speiginers and Preeminent—are citizens of the State of California. (Dkt. No. 1-1, 1.) Accordingly, there is no diversity of citizenship to confer federal jurisdiction over the unlawful detainer action. Even if complete diversity existed in this matter, removal would be improper under subsection 2 of section 1441 as civil actions otherwise removable solely on the basis of jurisdiction under section 1332(a) (i.e., diversity jurisdiction) "may not be removed if any of the parties in interest properly joined and served as defendant is a citizen of the State in which such action is brought." 28 U.S.C. § 1441.

On the face of the Complaint, Plaintiff's only claim is for unlawful detainer, a California state law action. (Dkt. No. 1, 7.) The Civil Cover Sheet submitted with Defendants' Notice of Removal states "Wrongful Foreclosure" as the cause of action. (Dkt. No. 1-1.) It is unclear whether Defendants are asserting wrongful foreclosure as a defense or as a counterclaim, but in any event, it is not "clear from the face of the plaintiff's well-pleaded complaint that there is a federal question." Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). Further, absent some other basis for federal question jurisdiction, "[a]n unlawful detainer action, on its face, does not arise under federal law but is purely a creature of California law." Wells Fargo Bank v. Lapeen, No. C 11-01932 LB, 2011 WL 2194117, at *3 (N.D. Cal. June 6, 2011).

Plaintiff's right to relief on the unlawful detainer claim does not depend on the resolution of a substantial question of federal law. Rather, Plaintiff is entitled to judgment upon establishing that the requisite three-day notice to pay or quit was served on Defendants as required by California Code of Civil Procedure § 1161. Long Beach Brethren Manor, Inc. v. Leverett, 239 Cal. App. 4th Supp. 24, 28-29 (Cal. App. Dep't Super. Ct. 2015). Since Defendants raise no other grounds for subject matter jurisdiction, and it does not appear that Plaintiff's right to relief necessarily relies on the resolution of a substantial question of federal law. Proctor v. Vishay Intertechnology, Inc., 584 F.3d 1208, 1219 (9th Cir. 2009). The absence of complete diversity and the lack of a federal question compels this Court to remand this action back to state court.

---

[4] "The whole record, however, may be looked to, for the purpose of curing a defective averment of citizenship, where jurisdiction in a Federal court is asserted to depend upon diversity of citizenship, and if the requisite citizenship is anywhere expressly averred in the record, or facts are therein stated which, in legal intendment, constitute such allegation, that is sufficient." Sun Printing & Publ'g Ass'n v. Edwards, 194 U.S. 377, 382 (1904).

## IV. CONCLUSION

Pursuant to 28 U.S.C. § 1447,[5] the Court determines that Defendants have not established diversity of citizenship to remove this action under 28 U.S.C. § 1441(b). Since removal was improper, the Court GRANTS Plaintiff's Motion to Remand.

For the foregoing reasons, the Court REMANDS this action to the Riverside Superior Court.

**IT IS SO ORDERED.**

---

[5] "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447.